UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBIN CATES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-00729** |
| **OLGA MESCHERSKAYA AND PROGRESSIVE CASUALTY INSURANCE COMPANY** | **SECTION: "C" (4)** |

# ORDER AND REASONS[1]

Before this Court is plaintiff, Robin Cates' motion to remand under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Rec. Doc. 10. The defendants, Olga Mescherskaya ("Ms. Mescherskaya") and Progressive West Insurance Company ("Progressive"), oppose. Rec. Doc. 14. Also currently before this Court are memoranda concerning the amount in controversy at the time of removal. Rec. Doc. 7; Rec. Doc. 9. Having considered the record, the memoranda of counsel and the law, the Court finds the amount in controversy requirement satisfied, but hereby GRANTS plaintiff's motion to remand.

## I. BACKGROUND and PROCEDURAL HISTORY

This suit arises from a motor-vehicle accident. According to the complaint, on April 7, 2013, the plaintiff, a Louisiana citizen, was a passenger of a Mercedes S430 driven by defendant, Ms. Mescherskaya. Rec. Doc. 1-2 at 5. Ms. Mescherskaya was not able to maintain control of her vehicle and ran off the road, striking a culvert. *Id*. The plaintiff

---

[1] Haiming Li, a third-year student at Washington University Law School, assisted in the preparation of this Order and Reasons.

alleges that as a direct result of Ms. Mescherskaya's driving, she suffered severe injuries, including but not limited to injuries to her head, neck and back. *Id*.

On February 18, 2014, the plaintiff filed this claim against Ms. Mescherskaya and Progressive, who insures Ms. Mescherskaya for the types of damages mentioned above, in the Civil District Court for the Parish of Orleans, State of Louisiana. Rec. Doc. 1-2. On April 1, 2014, Progressive removed this case to the United States District Court, Eastern District of Louisiana. Rec. Doc. 1. Defendants state that the Court has diversity jurisdiction under 28 U.S.C. § 1332. *Id*. at 3.

On April 2, 2014, this Court ordered the parties to file memoranda regarding the jurisdictional minimum for diversity jurisdiction under 28 U.S.C. § 1332. Rec. Doc. 5. On May 2, 2014, Progressive states in its memorandum "the amount in controversy…clearly exceeded the jurisdictional minimum amount of $75,000.00." Rec. Doc. 7. The plaintiff also alleges "the amount of money in dispute plainly exceeds the jurisdictional minimum." Rec. Doc. 9.

On May 21, 2014, the plaintiff filed this motion to remand for lack of subject matter jurisdiction. Rec. Doc. 10. The plaintiff alleges that both she and Ms. Mescherskaya domicile in Louisiana, and therefore complete diversity did not exist at the time of removal. Rec. Doc. 10-1 at 1. The plaintiff alleges that Ms. Mescherskaya lives in Louisiana, owns real properties and claims a homestead exemption in Louisiana, keeps her vehicle in Louisiana, owns a mailbox and receives mails in Louisiana, works in Louisiana, keeps plants and pets in Louisiana, provides her Louisiana mailing address to government agencies, represented to Orleans Parish Assessor's office that she is a Louisiana resident, possesses a Louisiana identification or driver's license, and obtained her student pilot license in Louisiana. Rec. Doc. 10-1.

Without disputing any of the facts alleged by plaintiff, defendants oppose remand arguing that Ms. Mescherskaya's domicile is in California. *See* Rec. Doc. 1 at 2-3; *see also* Rec. Doc. 1-3. Defendants argue that Ms. Mescherskaya is naturalized in California, resides in California, owns real properties in California, maintains a California identification and a California Class I driver's license, registers and insures her vehicle involved in the accident in California, and has family (her mother) in California. Rec. Doc. 14. In her affidavit, Ms. Mescherskaya states that she intends to remain in California and considers it her domicile. Rec. Doc. 1-3 at 2.

The plaintiff has filed a reply memorandum in which she alleges that one of Ms. Mescherskaya's California properties is rented out and "the 'owner address' on file for this property with the San Mateo County Treasurer-Tax Collector is an address in New Orleans." Rec. Doc. 18 at 5.

## II. STANDARD OF REVIEW

Federal Courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). They possess only that power authorized by Constitution and statute. *Id.* Congress has bestowed original jurisdiction in federal district courts for all civil matters where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Civil actions that are filed in state court may be removed to federal court, by a defendant, if the conditions set forth in section 1332 are met. *See* 28 U.S.C. § 1441. The party invoking federal jurisdiction bears the burden of showing that federal jurisdiction exists and that removal is proper. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

When diversity of the parties is at issue, it must be shown by a preponderance of the evidence that diversity exists when the action is commenced, and also, at the time of removal. *See Coury v. Prot,* 85 F.3d 244, 249 (5th Cir. 1996). There is a presumption in favor of the continuing domicile which requires the party seeking to show a change in domicile to come forward with enough evidence to that effect to withstand a directed verdict. *Id.* at 250.

> While some opinions seem to imply that the burden of persuasion rests with the party attempting to show a change of domicile, this is an overstatement. The proper rule is that the party attempting to show a change assumes the burden of going forward on that issue. *The ultimate burden on the issue of jurisdiction rests with the plaintiff or the party invoking federal jurisdiction*.

*Id*. (emphasis added).

"In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Id.* at 249. "The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." *Id*. at 249.

### III. LAW AND ANALYSIS

**A. Amount in Controversy exceeds $75,000.00**

In *Stevenson v. State Farm Mut. Auto. Ins. Co.*, No. 11–2875, 2012 WL 1565312, at *2 (E. D. La. May 1, 2012), this Court stated the standard to decide the amount in controversy:

> Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages…When…the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a

4

> preponderance of the evidence that the amount in controversy exceeds $75,000 …
>
> A defendant satisfies this burden either by showing that it is facially apparent that the plaintiffs' claims likely exceed the jurisdictional amount or by setting forth the facts in dispute that support a finding that the jurisdictional amount is satisfied…
>
> The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000…When the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy at the time of removal.

(citations omitted).

In this case, the plaintiff alleges an indeterminate amount of damages in her state court petition, and it is not facially apparent that her damages exceed $75,000.00. Nevertheless, the parties have shown by preponderance of summary-judgment type evidence that the amount in controversy exceeds $75,000.00.

The plaintiff seeks past and future medical expenses, and general damages for her "past, present, and future pain and suffering and past, present, and future emotional and psychological damages." Rec. Doc. 9 at 5. According to plaintiff's medical treatments records, her injuries caused by the vehicle accident include: 1) cervical spine sprain, thoracic spine sprain, trapezius sprain, lumbar spine sprain and facial trauma; 2) straightening of the cervical lordosis, bulging of the C5-6 disc and concussion or post-concussion syndrome; 3) continuous headaches and neck pain which has been last for more than one year; 4) mild spasm in both paravertebral areas and 5) post-concussion syndrome. *See* Rec. Doc. 9-4 at 3; Rec. Doc. 9-5 at 5; Rec. Doc. 9-7 at 6. Three doctors relate plaintiff's injuries, and pain and suffering to the vehicle accident. *See* Rec. Doc. 9-5 at 4-6; Rec. Doc. 9-6 at 3-4; Rec. Doc. 9-7 at 6. The plaintiff has already incurred $5,990 in medical bills. *See* Rec. Doc. 9-3 at 10-13; Rec. Doc. 9-4 at 5; Rec. Doc. 9-5 at 1-3; Rec. Doc. 9-6 at 1; Rec. Doc. 9-7 at 2. As revealed

by her latest treatment by Dr. Donald Dietze, the plaintiff will incur additional medical bills with certainty. *See* Rec. Doc. 9-7 at 6 (the doctor stated that a fundamental change in plaintiff's condition is not expected and the plaintiff must decide whether she can live with it). In addition, Dr. Donald Dietze opined that realistic treatment options to plaintiff's injuries include pain management or disc replacement surgery, which might cost more than $25,000.00. *Id.* at 6; *see also Jenkins v. State ex rel.,* 06-1804 (La. App. 1 Cir. 8/19/08), 993 So.2d 749 (the cost of a disc replacement surgery was estimated to be $25,647.73).

Several Louisiana cases support that the general damages sought by plaintiff alone exceeds $75,000.00. *See Perez v. State ex rel.*, 99-1753 (La. App. 4 Cir. 1/26/00); 753 So.2d 913 (awarding the injured party in a vehicular collision $150,000.00 as general damages, who suffered minimal bulging of discs, and muscle spasm in neck and back, which caused the person constant pain); *see also Fontenot v. Laperouse*, 2000-130 (La. App. 3 Cir. 11/2/00); 774 So.2d 278 (awarding the injured in a vehicular collision $100,000.00 as general damages, who suffered a herniated disc, and intermittent back pain with severe pain occurring several times a week). Further, Louisiana courts allow damages for pain and suffering caused by post-concussion syndrome in addition to other general damages. *See. e.g., Hoyt v. State Farm Mut. Auto. Ins. Co.*, 623 So.2d 651 (La. 1 Ct. App. 1993) (awarding the injured in a vehicular collision, in the amount of $15,000.00, as additional general damages for the post-concussion syndrome and head trauma sustained in the accident).

In light of these cases, the plaintiff's general damages alone could exceed $75,000.00. The amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

**B. Ms. Mescherskaya is domiciled in Louisiana**

The plaintiff argues that the Court lacks diversity subject matter jurisdiction over this case, because Ms. Mescherskaya, like the plaintiff, is a Louisiana domiciliary. Rec. Doc. 10-1 at 1. While state law may provide guidance, the question of a person's domicile is a matter of federal common law. *Acridge v. Evangelical Lutheran Good Samaritan Soc'y,* 334 F.3d 444, 448 (5th Cir. 2003). "A person's domicile is established in the state in which the person is born or naturalized, and persists until a new one is acquired or the old one is clearly abandoned." *Gales v. State Farm Mut. Auto. Ins. Co.*, No. 12–1782, 2012 WL 3862360, at *2 (E.D. La. Sept. 5, 2012); *accord Acridge*, 334 F.3d at 448 (a person's original domicile is presumed to continue absent sufficient evidence of change).

In order to establish change of domicile "a person must demonstrate both (1) residence in a new state, and (2) an intention to remain there indefinitely." *Id.* In determining whether a person has changed his (or her) domicile, many factors are to be considered, including "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* All factors should be weighted equally in this examination; no single factor is determinative. *Id.* "[S]tatements of intent, either to remain in a previous domicile or to establish a new one, are entitled to little weight if they conflict with the objective facts." *Coury,* 85 F.3d at 251. Though the party seeking to show a change of domicile bears a burden of production on that issue, the ultimate burden of persuasion on the issue of jurisdiction rests with the party invoking federal jurisdiction. *Id*.

In this case, Progressive argues that Ms. Mescherskaya was naturalized in California, which is also supported by Ms. Mescherskaya's affidavit. *See* Rec. Doc. 14 at 1-2; Rec. Doc.

1-3. The plaintiff does not dispute this fact. *See* Rec. Doc. 10-1. Therefore, Ms. Mescherskaya's original domicile is in California, where she was naturalized.

However, the plaintiff has provided sufficient evidence to show that Ms. Mescherskaya changed her domicile to Louisiana. Facts show that Ms. Mescherskaya resided in Louisiana for years before the suit was filed and intended to remain there. Ms. Mescherskaya owns two real properties in Louisiana, on one of which she has claimed a homestead exemption for the past three years; she keeps her vehicle in Louisiana, works frequently in Louisiana, has a post office box and receives mail at her residence in Louisiana; and she keeps pets and plants there as well. *See* Rec. Doc. 10-1; Rec. Doc. 18; Rec. Doc. 1-3. Further, Ms. Mescherskaya has represented that she resides in Louisiana to several government agencies. She provided her Louisiana mailing address to New Orleans Assessor's office, Federal Aviation Administration and County of San Mateo Treasurer-Tax Collector and represented to the Orleans Parish Assessor's office that she resides in Louisiana in order to apply a homestead exemption in 2012, 2013 and 2014. *See* Rec. Doc. 10-1; *see also* Rec. Doc. 18. Finally, facts show that Ms. Mescherskaya possesses a valid Louisiana identification or driver's license. *See* Rec. Doc. 10-1; *see also* Rec. Doc. 10-10. These facts clearly show that Ms. Mescherskaya has a residence in Louisiana and intends to remain indefinitely. *See Old Towne Dev. Group, L.L.C. v. Matthews*, No. 09-224, 2009 WL 3254875, at *2 (M.D. La. Oct. 8, 2009) (finding domicile where party conducted his personal and professional life).

Further, with regard to domicile, it is persuasive, though not conclusive, that a party has obtained a public benefit that is preconditioned upon one being domiciled in that particular state. *JBHM Educ. Group, L.L.C. v. Bailey*, No. 08–89, 2009 WL 1298283, at *7 (N.D. Miss. May 8, 2009). In *Bailey*, the Court held that a person's status as a registered

agent for a Mississippi corporation supported Mississippi domicile, because Mississippi law requires such corporate agents to reside in Mississippi. *Id*. at 6. Similarly, Louisiana requires the person claiming a homestead exemption to reside in Louisiana. *See* La. Const. Art. VII, § 20(A)(1) ("[t]he bona fide homestead, consisting of a tract of land…with a residence on [it]…owned and occupied by any person…shall be exempt from state…"); *see also* La. Rev. Stat. Ann. § 47:1703 (2011) ("[a]ny taxpayer entitled to the homestead exemption set forth in Article VII, Section 20 of the Constitution of Louisiana must own and occupy the homestead…").

In this case, defendants also provide some evidence that Ms. Mescherskaya maintains her domicile in California, including that she owns real properties in California, maintains a California identification card and a California Class I driver's license, registers and insures the vehicle involved in the accident in California, has family (her mother) in California, and states that her intent is to remain in California. *See* Rec. Doc. 14; *see also* Rec. Doc. 1-3 at 2.

However, "there is no requirement in establishing a new domicile that a person severs all ties with their previous domicile." *Cox, Cox, Filo, Camel & Wilson, LLC v. Sasol North Am., Inc.*, No. 11–856, 2012 WL 262613, at *5 (W.D. La. Jan. 30, 2012). In *Sasol North Am., Inc.*, the Federal District Court held that Rogers changed domicile from Louisiana to Texas, although he maintained some connections with his previous domicile, including his mailing address, his real property (which he had rented out), his Louisiana license, his bank account, and his connection with several physicians. *Id*. Accordingly, merely providing evidence of maintaining real property in California and having a California identification and driver's license will not be sufficient to support defendant's position that Ms. Mescherskaya's domicile remains in California. Though defendants claim that the vehicle involved in the accident is registered and insured in California, it was involved in a car accident in Louisiana

and was spotted in Louisiana as early as 2011. Rec. Doc. 10-1 at 6. Finally, similar to *Sasol North Am., Inc.*, the facts of this case show that Ms. Mescherskaya is renting one of her real properties in California, which is further evidence of her intent to change domicile. *See* Rec. Doc. 18-2 at 1.

In light of all the analysis, the defendants fail to show by a preponderance of the evidence that diversity existed at the time of removal.

Accordingly,

IT IS ORDERED that the plaintiff's motion to remand is GRANTED.

New Orleans, Louisiana this 1st day of July 2014.

                                                                                   _____
                                                                                   **HELEN G. BERRIGAN**
                                                                                   **UNITED STATES DISTRICT JUDGE**